IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Newport News Division)

| | |
|---|---|
| PEDRO BAUTISTA, <br><br> Plaintiff, <br><br> v. <br><br> NAWAB OF VIRGINIA, INC., NAWAB INDIAN CUISINE, INC., ASHKOK ARORA, AVINASH ARORA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civ. No: |

## COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff PEDRO BAUTISTA sues his employers, NAWAB OF VIRGINIA, INC., NAWAB INDIAN CUISINE, INC., ASHOK ARORA, and AVINASH ARORA, for failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2.     From April 14, 2014, until the present, Plaintiff has been employed at Defendant Nawab Indian Cuisine ("the Restaurant"), at 204 Monticello Avenue in Williamsburg, Virginia.

3.     Upon information and belief, the restaurant is under corporate ownership of Defendant Nawab of Virginia, Inc. (together with Defendant Nawab Indian Cuisine, Inc., the "Corporate Defendants").

4.     Upon information and belief, Defendant Ashok Arora is the owner and operator of the Restaurant.

1

5.      Upon information and belief, Defendant Avinash Arora is the manager of the restaurant and has day-to-day supervisory authority over Plaintiff.

6.      Together, the Individual and Corporate defendants comprise "Defendants."

7.      For the first three years of his employment, Plaintiff routinely worked approximately sixty-eight-point-two hours per week over the course of a seven-day workweek. Since then, Plaintiff has been working approximately sixty-three-point-two hours per week over the course of a six-day workweek.

8.      In violation of the federal Fair Labor Standards Act, Defendants failed to pay Plaintiff the statutory minimum wage for approximately the first three years of his employment, and has failed to pay the time-and-a-half overtime premium for the entirety of Plaintiff's employment.

## JURISDICTION AND VENUE

9.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Jurisdiction over Plaintiffs' FLSA claims lies in this court pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA private right of action).

10.     The Court has personal jurisdiction over the Corporate Defendants because (1) they are Virginia corporations with headquarters in Virginia, (2) they transact business in Virginia and contract to supply services in Virginia, including the labor that Bautista performed in Virginia, and (3) as Bautista's employers, the Corporate Defendants' acts and omissions in Virginia gave rise to the wage violations that underlie this complaint.

11.     The Court has personal jurisdiction over Defendants Ashok Arora and Avinash Arora because (1) they are Virginia residents, and (2) as Bautista's employer, the Aroras' acts and omission in Virginia give rise to the wage violations that underlie this complaint.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)-(c), as Defendant Nawab of Virginia, Inc.'s and Nawab Indian Cuisine's principal places of business are in this District. Defendant Ashoka Arora owns multiple restaurants in this District, also named Nawab Indian Cuisine, in addition to Nawab Indian Cuisine of Williamsburg. Venue is also proper in this District because a substantial part of the events or omission giving rise to Bautista's claims occurred in Williamsburg. The Newport News Division is the proper division for the same reason. *See* Local Rule 3(B)(3).

## PARTIES

13.     Pedro Bautista is a resident of Williamsburg, Virginia, who is employed by Defendants, first as a cook, and then as the second cook at Nawab Indian Cuisine, a restaurant in Williamsburg, Virginia.

14.     Upon information and belief Nawab of Virginia, Inc., is a Virginia corporation with its principal place of business in Williamsburg, Virginia.  Nawab of Virginia, Inc. exists in order to operate the Restaurant.

15.     Upon information and belief, Nawab Indian Cuisine, Inc., is a Virginia corporation that owns and operates restaurants across Virginia, including but not limited to Nawab of Virginia, Inc.

16.     Upon information and belief, Ashok Arora is the owner, operator, and manager of both Corporate Defendants. Ashok Arora had ultimate authority over corporate operations at the Restaurant, had the authority to hire and fire, determined employee's work schedules, and had authority over payroll.

17.     Upon information and belief, Avinash Arora is the manager of the Restaurant in Williamsburg, Virginia. Avinash Arora had day-to-day supervisory authority over employees at

the Restaurant, including the power to discipline directly or indirectly, and he has in the past been
delegated payroll responsibilities by Ashok Arora.

## FACTS

### *Defendants*

18.     Upon information and belief, throughout Mr. Bautista's employment, Defendants
jointly had the power to hire, fire, or discipline workers at all positions at the Restaurant,
particularly Ashok Arora with regards to the direct power to hire, fire, and discipline workers, and
Avinash Arora with regards to the power to discipline workers directly or indirectly.

19.     Upon information and belief, throughout Mr. Bautista's employment, Defendants
jointly had the power to direct, control, or supervise his work, whether directly or indirectly.

20.     Upon information and belief, Defendants, except for Avinash Arora directly or
indirectly set Mr. Bautista's work schedule, or jointly had the power to do so.

21.     Upon information and belief, Defendants, except for Avinash Arora, determined
Mr. Bautista's pay rate. Defendants determined Mr. Bautista's method of payment or jointly had
the power to do so.

22.     Upon information and belief, Defendants jointly maintained all records related to
Mr. Bautista's employment.

23.     Upon information and belief, Defendants are joint employers and are jointly and
severally liable for the acts complained of herein.

24.     The Restaurant is part of a family-owned group of Indian restaurants throughout
Virginia and in other states. In total, upon information and belief, there are four Nawab Indian
Cuisine restaurants.  The other three Nawab Indian Cuisines are located at 888 N. Military

Highway Norfolk, Virginia; 756 First Colonial Road Virginia Beach, Virginia; and 11712 Jefferson Ave. Newport News, Virginia.

25.     In addition to the Nawab Indian Cuisine group, upon information and belief, Mr. Arora also owns or co-owns restaurants under different names, including restaurants in Richmond, Virginia ("Lehja"), Virginia Beach, Virginia ("Masala Bites Indian Cuisine"), Raleigh, North Carolina ("Azitra"), and Broomfield, Colorado ("Azitra").

26.     The Registered Agent of each corporate entity owning each Nawab Indian Cuisine is Ashok Arora.  Upon information and belief, Mr. Arora is the owner of all of the locations.

27.     Corporate Defendants constitute a single enterprise for purposes of FLSA liability under 29 U.S.C. §203(s)(1).

28.     On information and belief, the gross annual business volume of Corporate Defendants exceeded $500,000 at all times relevant to this action.

### *Plaintiff's Work Generally*

29.     Mr. Bautista was hired in or around April 14, 2014 by Ashok Arora, who offered him a position as part of the kitchen staff of the Restaurant. Mr. Bautista understood from conversations with other employees of Arora that his compensation would be roughly $1800 per month and that he would have to work at the restaurant from opening to closing every day.

30.     Since hire, Bautista has worked in the back end of the restaurant as a cook, and he is now a second cook.

31.     For the first three years of his employment, Mr. Bautista typically worked seven days per week. On Mondays, Tuesdays, and Thursdays, he worked from approximately 10:00 AM until 10:00 PM; on Wednesdays he worked from approximately 10:00 AM to 3:00 PM. On Fridays he worked from approximately 10:00 AM to 10:30 PM. On Saturdays he worked from

approximately 10:30 AM until 10:30 PM. On Sundays, he worked from approximately 10:30 AM until 10:00 PM.

32.     Starting on or around April 1, 2017, Mr. Bautista was allowed to start taking Wednesdays as a full day-off, but otherwise he has continued to work the same hours as above.

33.     The Restaurant closes between 2:30 PM and 5:00 PM on weekdays, and between 3:00 PM and 5:00 PM on weekends. During the time that the Restaurant is closed, Mr. Bautista typically takes a break between 3:00 PM and 4:30 PM but occasionally is required by Defendants to work through that break, depending on customer demand.

34.     Between April 2014 and March 2017, Mr. Bautista worked on average sixty-eight-point-two (68.2) hours per week.

35.     Between April 2017 and the date of filing this complaint in October 2019, Mr. Bautista has worked on average sixty-three-point-two (63.2) hours per week.

36.     Defendants has an obligation under the FLSA to maintain accurate time records of Plaintiff's hours worked.

37.     On information and belief, Defendants have not kept time records of all hours worked by Plaintiff.

*Pay Practices/Problems*

38.     For the first month of his employment in April 2014, Mr. Bautista was paid $1500.

39.     From May 2014 until March 2016, Mr. Bautista was paid $1800 in cash on a monthly basis.

40.     In April 2016, Mr. Bautista received a $100 raise to his monthly pay rate, receiving $1900 for that month.

41.     Subsequently, Mr. Bautista received a $100 raise every six months thereafter.

42.     From April 2016 until September 2016, Mr. Bautista received $1900 per month.

43.     From October 2016 until March 2017, Mr. Bautista received $2000 per month.

44.     From April 2017 until September 2017, Mr. Bautista received $2100 per month.

45.     From October 2017 until March 2018, Mr. Bautista received $2200 per month.

46.     From April 2018 until September 2018, Mr. Bautista received $2300 per month.

47.     From October 2018 until March 2019, Mr. Bautista received $2400 per month.

48.     From April 2019 until September 2019, Mr. Bautista received $2500 per month.

49.     For October 2019, Mr. Bautista received $2550 in cash.

50.     Mr. Bautista still works at the Restaurant and is paid under the same structure.

51.     Because Mr. Bautista is sometimes required to work during breaks and occasionally required to stay late to finish cleaning the kitchen after especially busy evening shifts, his work-hours for any given pay period are subject to some level of variance. However, he has always been paid at a fixed rate once per month, regardless of the number of hours that he worked in the month prior. Mr. Bautista has not been paid an overtime premium, despite working more than sixty (60) hours a week, every week.

52.     Mr. Bautista has ordinarily been paid in cash on the 7th or 8th of the month. Over the course of his employment, Mr. Bautista has been physically handed his monthly payments by both Ashok Arora and Avinash Arora. These payments have always been in cash.

53.     On certain occasions, Mr. Bautista has been paid in cash by Avinash Arora, or by Niru Arora, Ashok Arora's wife.

54.     Mr. Bautista has never received paystubs.

55.     Mr. Bautista does not recall ever seeing notices posted at the Restaurant in a conspicuous place explaining his wage-and-hour rights under the Fair Labor Standards Act, and upon information and belief there is none.

56.     Defendants willfully violated the FLSA by knowingly failing to pay Mr. Bautista according to the minimum wage and overtime provisions of the act.

57.     Upon information and belief, at all relevant times Defendants intended to deprive Mr. Bautista of the minimum wage and overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Bautista's rights under the FLSA.

## CAUSES OF ACTION:

### Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

58.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57 above.

59.     Mr. Bautista has consented to be party plaintiff to this action under the FLSA pursuant to 29 U.S.C. § 216(b) and his consent is attached to this complaint as "Exhibit A."

60.     At all times relevant to this action:

    a.   Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1);

    b.   Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d);

    c.   Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g); and

    d.  Plaintiff was engaged in commerce or the production of goods for commerce, and/or were employed by Defendants in an enterprise engaged in commerce or the production of goods for commerce.

61.    By failing to pay Plaintiff his lawful minimum wage and time-and-a-half overtime premium for every compensable hour of labor, as set forth above, Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, to Plaintiff's injury, and are liable to him in damages in the amount of his unpaid minimum wage and overtime wages, plus an additional amount in liquidated damages, the costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

62.    By not posting a FLSA sign advising workers of their FLSA rights, the statute of limitations is tolled.

63.    In the alternative, Defendants' FLSA violations were "willful" within the meaning of 29 U.S.C. § 255(a) in that Defendants made no effort whatsoever to pay Plaintiff the proper minimum wage or overtime premium notwithstanding the fact that Plaintiff's normal work schedule required him to work in excess of forty (40) hours per week for the entirety of the term of his employment; indeed Defendants created a structure in which they paid an insufficient salary for a non-traditionally salaried position thereby skirting employment laws.

**<u>Requested Relief</u>**

Wherefore, Plaintiff Pedro Bautista respectfully requests that this court provide the following relief:

1.    Under Count I, declare that the statute of limitations for recovery under the FLSA is equitably tolled for the entire period of Plaintiff's employment due to

Defendants' failure to post a notice of employee's rights under the FLSA on the premises as required under 29 C.F.R. §516.4;

2. Alternatively, under Count I, declare that the wage-and-hour violations complained of herein were willful within the meaning of the FLSA, such that a three-year statute of limitations would be appropriate;

3. Under Count I, award Plaintiff his actual damages under the FLSA, pursuant to 29 U.S.C. §§ 206 and 207, in the amount of all unpaid minimum wages and overtime, in an amount appropriate to the proof at trial, jointly and severally against all Defendants;

4. Under Count I, award Plaintiff an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), jointly and severally against all Defendants;

5. Under Count I, award Plaintiff his costs and reasonable attorney's fees, as appropriate under the Fair Labor Standards Act, 29 U.S.C. §216(b), jointly and severally against all Defendants; and

6. Provide such other and further relief as this court deems necessary and proper.

**Trial by Jury is demanded.**

Respectfully submitted this 24th day of October 2019

Pedro Bautista,

By Counsel

_____s/Rachel McFarland_____
Rachel McFarland, VSB #89391
Jason B. Yarashes, VSB #90211
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Tel: (434) 977-0553

Fax: (434) 977-0558
Email: RMcFarland@justice4all.org
       jasony@justice4all.org

ATTORNEYS FOR PLAINTIFF