UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**PEDRO BAUTISTA,**

    **Plaintiff,**

v.                                                                          Case No. 4:19-cv-00103-AWA-DEM

**NAWAB OF VIRGINIA, INC.,**

**NAWAB INDIAN CUISINE, INC.,**

**ASHOK ARORA,**

and

**AVINASH ARORA,**

    **Defendants.**

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT

NOW COME Pedro Bautista ("Mr. Bautista"), the plaintiff herein, Nawab of Virginia, Inc. ("Nawab") and Ashok Arora ("Mr. Arora"), by their respective counsel, and file this Memorandum in Support of Joint Motion to Approve Settlement (the "Memorandum").[1]  And for their Memorandum, the parties respectfully state as follows:

### PRELIMINARY STATEMENT

This case involves a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.*  After the commencement of this case, the parties, engaged in numerous discussions designed to try and reach an accommodation of this matter.  Those efforts were successful.  On or about April 17, 2020, the parties executed a Settlement Agreement resolving the matters in dispute between them.  Contemporaneously with the filing of this Memorandum, the parties have filed a Motion seeking this Court's approval of their agreement.

---

[1] Defendants Avinash Arora and Nawab Indian Cuisine, Inc. were previously dismissed by Mr. Bautista.

## FACTUAL AND PROCEDURAL HISTORY

1. On October 24, 2019, Mr. Bautista filed with this Court a Complaint asserting various unspecified damages under FLSA in relation to his time as an employee at Nawab. These damages included an allegation of unpaid overtime, and various other violations of the statute. Defendants waived service of process. Although Nawab and the other defendants disputed the allegations in the Complaint, they requested additional time to file a responsive pleading in order to obtain counsel.

2. At the expiration of the initial extension, as the parties were making progress on reaching a settlement, Defendants asked for another extension to file a responsive pleading.

3. The Court stayed the case for the corporate defendants to find counsel and took the request for an extension under advisement.

4. While the request for an extension of time was under advisement, the parties returned their efforts to resolving their various disputes. These efforts included an in-depth review of the allegations at issue, and a review of various records and other materials as necessary to fairly investigate this matter. As noted above, those efforts proved successful, and in April 2020, the parties entered into a Settlement Agreement and General Release (the "Settlement Agreement").

5. The full terms of the Settlement Agreement are set forth in that instrument, a true and correct copy of which is attached as **Exhibit A**, but can be summarized as follows:

   i. Mr. Arora and Nawab have agreed to pay to Mr. Bautista the sum of $20,500.00, and to counsel for Mr. Bautista the sum of $5,000.00.

   ii. Mr. Bautista has agreed to voluntarily dismiss defendants Avinash Arora and Nawab Indian Cuisine, Inc, for which a stipulation of dismissal has been filed.

   iii. The parties have agreed to mutual releases and covenants not to sue.

6. The parties now seek Court approval of the Settlement Agreement.

## ARGUMENT

Courts in this Circuit analyze a proposed settlement of an FLSA claim based upon whether the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Barot v. Patel,* 15 F.Supp.3d 648, 654 (E.D. Va. 2014); *Martinez v. HDS Lawn Maintenance & Landscaping, Inc., et. al.,* 2017 WL 11506334, p.1 (E.D. Va. 2017). When reviewing a proposed settlement to ensure that it is fair and reasonable, Courts typically consider six (6) non-exclusive factors, although the weight assigned to these factors may differ depending upon the case. These factors have generally been described as:

  a. The extent of discovery that has taken place;

  b. The stage of the proceedings, including the complexity, expense and likely duration of the litigation;

  c. The absence of fraud or collusion in the settlement;

  d. The experience of counsel who have represented the plaintiffs;

  e. The probability of plaintiffs' success on the merits; and

  f. The amount of the settlement in relation to the potential recovery.

*Id.*

As discussed in greater detail below, this case is not a complex one, nor is there a significant amount in dispute. Indeed, the primary disagreement between the parties turns upon (i) whether Mr. Bautista was properly classified as a salaried employee; (ii) if not, then to what

extent his salary should have been augmented by overtime pay, and (iii) whether a tolled statute of limitations would be appropriate. Without getting into the first question, the parties believe that the payments to be made under the Settlement Agreement represent a fair, just, and sufficient amount to settle all of Mr. Bautista's claims.[2]

### A. The extent of discovery that has taken place.

In this case, the Settlement Agreement was reached prior to either party engaging in significant formal discovery. However, the parties exchanged information on an informal basis in order to be certain that they were properly analyzing the claims at issue. The parties respectfully suggest that given the lack of complexity in this case, that a settlement prior to formal discovery is not only warranted, it is in all parties' best interests.

### B. The stage of the proceedings, including the complexity, expense and likely duration of the litigation.

As noted above, this is not a complex matter and indeed the amount at issue would not justify the cost and expense for either of the parties. While an early settlement in cases involving the need for significant discovery might not be justified, the parties respectfully suggest that in this instance proceeding through motions practice, discovery, or a formal settlement conference would have yielded no different result. Instead, the parties would likely have become more entrenched as expenses (and risk) mounted on each side, making any settlement even more difficult.

---

[2] Although it does not factor into the economic analysis of the settlement, the threshold question of whether Mr. Bautista is entitled to additional wages is an important one. That said, from both parties' perspective, this issue only relates to how the settlement payment is characterized. The economics of the case, in light of the costs and risks of litigation, results in the settlement reflecting a fair and equitable resolution in respect to the amount which Mr. Bautista will actually recover versus the costs the Defendants' would undoubtably incur if the case proceeds.

### C. Absence of Fraud or Collusion.

In the absence of evidence to the contrary, courts typically presume that no fraud or collusion occurred between counsel. *Lomascolo v. Parsons Brinckerhoff, Inc.,* 2009 WL 3094955, *p12 (E.D. Va. 2009). In this case, all parties were represented in the settlement process, and were able to reach an agreement only after extensive negotiation.

### D. Experience of Plaintiff's Counsel.

Mr. Bautista is represented by a well-known legal services organization that regularly and as a part of its usual practice represents plaintiffs in employment matters, similar to, and considerably more complex, than the matter at issue. Plaintiff's counsels are additionally both fluent in Spanish and are themselves experienced in wage and hour litigation.

### E. Opinions of class members.

As this is not a class action, this factor is inapplicable.

### F. Settlement amount and probability of plaintiff's success on the merits.

The parties' positions in this case involve a bona fide dispute over the FLSA and its application to the Plaintiff. There was significant potential for either party to prevail if the litigation were to proceed. Mr. Bautista claimed that he was not paid for work performed in excess of a standard work week, while the Defendants assert that his guaranteed salary insured that his compensation remained steady – something which could not be assured in the restaurant business – and that Mr. Bautista benefited in the aggregate as a result. Further there is a dispute as to the applicable statute of limitations, or lack thereof, the outcome of which would substantially impact the value of the claim. Nevertheless, the Settlement Agreement ensures that Mr. Bautista will receive a fair and just amount taking into consideration these inherent risks at trial.

Finally, the Settlement Agreement includes a provision whereby counsel for Mr. Bautista will receive the sum of $5,000, in addition to the amount being paid to Mr. Bautista himself. The parties respectfully suggest that counsel's efforts in this case on behalf of their client more than justify the $5,000 fee. Counsel for Mr. Bautista was obligated to conduct a pre-filing investigation, determine possible causes of action, and then analyze information relative to the defenses asserted by the Defendants. Collectively, counsel spent more than 30 hours, excluding the substantial time their clinical law students spent helping develop the case, and have billed a lodestar amount of more than $10,000, an amount that would only continue to increase should motions practice and discovery begin.

## **CONCLUSION**

As noted previously, this is not a complex case. As such, and consistent with their duties to their respective clients, counsel for the parties took steps to resolve the matters in dispute without incurring significant expense, causing undue delay to Mr. Bautista, or availing themselves of significant judicial resources. The result is what they believe to be a fair and reasonable settlement in light of the matters in dispute.

WHEREFORE, Mr. Bautista, Nawab and Mr. Arora respectfully requests that this Honorable Court (i) grant their Joint Motion to Approve Settlement Agreement, and dismiss this action with prejudice; and (ii) grant such further relief as this Honorable Court deems equitable, just and proper.

Respectfully submitted,

*/s/John D. McIntyre*
John D. McIntyre (VSB No. 35925)
jmcintyre@mcintyrestein.com
McIntyre Stein, PLLC
101 W. Main Street, Suite 920
Norfolk, Virginia 23510
Telephone: (757) 961-3900
Facsimile: (757) 961-3966
*Counsel for Ashok Arora and Nawab of Virginia, Inc.*

**PEDRO BAUTISTA,**
**Plaintiff**

By  s/Rachel C. McFarland
Rachel C. McFarland (VSB No. 89391)
Jason B. Yarashes (VSB No. 90211)
Legal Aid Justice Center
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Telephone: (434) 977-0553
Facsimile: (434) 977-0558
rmcfarland@justice4all.org
jasony@justiceall.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2016, that the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Rachel Colleen McFarland, Esquire
Legal Aid Justice Center
1000 Preston Avenue, Ste. A
Charlottesville, Virginia 22903
rmcfarland@justice4all.org
*Counsel for Plaintiff, Pedro Bautista*

/s/ John D. McIntyre
John D. McIntyre (VSB No. 35925)
jmcintyre@mcintyrestein.com
McIntyre Stein, PLLC
101 W. Main Street, Suite 920
Norfolk, Virginia 23510
Telephone: (757) 961-3900
Facsimile: (757) 961-3966
*Counsel for Ashok Arora and Nawab of Virginia, Inc.*

8