UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PEDRO BAUTISTA,
         Plaintiff,
v.                                                     Civil Action No. 4:19cv103

NAWAB OF VIRGINIA, *et al.*,
         Defendants.

## **ORDER**

This matter is before the Court on the Joint Motion for Approval of Settlement Agreement filed by Plaintiff Pedro Bautista and Defendants Nawab of Virginia, Inc., and Ashok Arora (collectively, "Defendants"). Mr. Bautista had filed a Complaint alleging a single violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

The parties have settled this claim, and "judicial approval of the settlement agreement is required." *Martinez v. HDS Lawn Maintenance & Landscaping, Inc.*, 1:16cv1429, 2017 WL 11506334, at *1 (E.D. Va. Mar. 27, 2017). Courts consider:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Hendrix v. Mobilelink Virginia, LLC*, 2:16cv394, 2017 WL 2438067, at *1 (E.D. Va. May 26, 2017).

The Court has reviewed the material terms of the settlement (ECF No. 11-1) pertaining to both parties. Defendants will pay Mr. Bautista $20,500 "in satisfaction of Plaintiff's claims for minimum wages, overtime wages, and statutory/liquidated damages" and attorney's fees of $5,000. ECF No. 11-1 at 2.

As the parties suggest, "this case is not a complex one." ECF No. 11 at 3. Given the single claim and the amount of money at issue, little formal discovery was needed to reach a settlement. Furthermore, the costs of additional litigation would substantially prejudice the parties. There is no evidence of fraud or collusion. The terms of the settlement are fair and equitable, consistent with the aims of the Fair Labor Standards Act, and the terms are intended to further the ends of justice and protect the rights of the parties.

As noted above, the settlement agreement includes Plaintiff's attorney's fees as required under 29 U.S.C. § 216(b). Plaintiff's attorney will receive just under twenty percent of the total settlement award. Counsel billed thirty hours for this case, "conduct[ing] a pre-filing investigation, determin[ing] possible causes of action, and then analyz[ing] information relative to the defenses." ECF No. 11 at 6. Given counsel's experience with similar claims, *id.* at 5, the nature of this case, and the efforts expended by counsel, $5,000 is a fair and reasonable amount.

All matters in controversy have been settled and compromised between the parties. For the foregoing reasons, the Joint Motion for Approval of Settlement Agreement (ECF 10) is **GRANTED**. The case is **DISMISSED with prejudice,** subject to this Court's retention of jurisdiction to enforce the parties' compliance with the terms of the settlement agreement, if necessary.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

May 14, 2020
Norfolk, Virginia